UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| PATRICIA A. LYNN-FORD as Executrix of the Estate of WILLIAM FRANCIS LYNN, Deceased, | Civil Action No.:  5:21-cv-00169 (BKS/ML) |

Plaintiff,

-against-

**ANSWER AND AFFIRMATIVE**
**DEFENSES OF DEFENDANTS MICHAEL**
**LEE SHORES, SALSON LOGISTICS, INC.**
**AND SAL-SON TRUCKNG CO., INC.**

MICHAEL LEE SHORES and SALSON
LOGISTICS, INC. and SAL-SON TRUCKING CO.,
INC.,

Defendants.

-------------------------------------------------------x

Defendants MICHAEL LEE SHORES ("SHORES"), SALSON LOGISTICS, INC.

("SALSON LOGISTICS") and SAL-SON TRUCKING CO., INC. ("SAL-SON TRUCKING")

(collectively, "THE SALSON DEFENDANTS"), by and through their attorneys, KENNEDYS

CMK LLP, for their Verified Answer to the Verified Complaint of Plaintiff PATRICIA A. LYNN-

FORD as Executrix of the Estate of WILLIAM FRANCIS LYNN, Deceased, upon information

and belief state as follows:

**AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED,**
**"PLAINTIFFS - ESTATE OF WILLIAM FRANCIS LYNN"**

1.      The Salson Defendants lack knowledge or information sufficient to form a belief

as to the truth of each and every allegation contained in paragraph 1 of the Verified Complaint and

leaves Plaintiff to her proofs, reserving all defenses.

2.      The Salson Defendants lack knowledge or information sufficient to form a belief

as to the truth of each and every allegation contained in paragraph 2 of the Verified Complaint and

leaves Plaintiff to her proofs, reserving all defenses.

3.      The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Verified Complaint and leaves Plaintiff to her proofs, reserving all defenses.

4.      The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Verified Complaint and leaves Plaintiff to her proofs, reserving all defenses.

5.      The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Verified Complaint and leaves Plaintiff to her proofs, reserving all defenses.

## AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, "DEFENDANTS - MICHAEL LEE SHORES"

6.      The Salson Defendants admit the allegations contained in paragraph 6 of the Verified Complaint.

7.      To the extent this paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 7 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

.

8.      To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 8 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

9.      To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 9 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

10.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 10 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018

Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

11.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 11 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

12.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 12 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores was operating a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

13.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 13 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing vehicle identification number 3AKJHHDRXJSZ3226 and New Jersey State license plate number AU711D in his capacity as an employee of defendant Salson Logistics. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

14.     The Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D in his capacity as an employee of Defendant Salson Logistics, and that such tractor towed a certain 2018 Wabash National trailer bearing Maine State license plate number 2394048.  To the extent the allegations of Paragraph 14 are inconsistent with such admissions, the Salson Defendants deny such allegations.

15.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 15 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics, which

owned such vehicles.  To the extent the allegations of Paragraph 15 are inconsistent with such admissions, the Salson Defendants deny such allegations.

### AS TO THOSE COUNTS OF THE COMPLAINT
### CAPTIONED, "SALSON LOGISTICS, INC."

16.     The Salson Defendants admit only that as of November 9, 2020, and at present, Salson Logistics, Inc. was/is a business corporation incorporated under the laws of the State of Georgia, with its principal place of business in New Jersey.  To the extent that such admissions are inconsistent with the allegations contained in paragraph 16 of the Verified Complaint, the Salson Defendants deny such allegations.

17.     The Salson Defendants admit only that on November 9, 2020, Salson Logistics conducted business in the State of New York.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

18.     The Salson Defendants admit only that as of November 9, 2020, Salson Logistics conducted business in the State of New York.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

19.     The Salson Defendants admit only that as of November 9, 2020, Salson Logistics conducted business in the State of New York.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

20.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 23 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that as of November 9, 2020, Salson Logistics conducted business in the State of New York; and deny the allegation of paragraph 20 of the Verified Complaint that Salson Logistics "committed a tortious act" that caused "serious injuries and death" to plaintiff's decedent.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

21.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all defenses.

22.     The Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. had/has an office located at 888 Doremus Avenue, Newark, New Jersey. To the extent that such admissions are inconsistent with the allegations contained in paragraph 22 of the Verified Complaint, the Salson Defendants deny such allegations.

23.     The Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226. To the extent that the allegations contained in paragraph 23 of the Verified Complaint are inconsistent with such admissions, the Salson Defendants deny such allegations.

24.     The Salson Defendants deny the allegations of Paragraph 24 of the Verified Complaint.

25.     To the extent this paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 25 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226.   The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

26.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 26 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

27.     The Salson Defendants admit only that on November 9, 2020, Salson Logistics, Inc. owned and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

28.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 28 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that as of November 9, 2020, and at present, Salson Logistics, Inc. owned/owns and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses.

29.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 29 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns and operated a certain 2018 Freightliner tractor bearing New Jersey State license plate number AU711D and vehicle identification number 3AKJHHDRXJSZ3226. The Salson Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 as phrased and leave Plaintiff to her proofs, reserving all defenses.

30.     The Salson Defendants admit the allegations contained in paragraph 30 of the Verified Complaint.

31.     The Salson Defendants deny the allegations of Paragraph 31 of the Verified Complaint.

32.     The Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 as phrased and leave Plaintiff to her proofs, reserving all defenses.

33.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 33 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, and at present, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 as phrased and leave Plaintiff to her proofs, reserving all defenses.

34.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of

Paragraph 34 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 as phrased and leave Plaintiff to her proofs, reserving all defenses.

35.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 35 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 as phrased and leave Plaintiff to her proofs, reserving all defenses.

36.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 36 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that on November 9, 2020, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 36 as phrased and leave Plaintiff to her proofs, reserving all defenses.

37.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 37 of the Verified Complaint are deemed factual in nature,  the Salson Defendants admit only that on November 9, 2020, Salson Logistics, Inc. owned/owns a certain 2018 Wabash National trailer/semi-trailer bearing Maine State license plate number 2394048. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 as phrased and leave Plaintiff to her proofs, reserving all defenses.

38.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 38 of the Verified Complaint are deemed factual in nature,  the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores was drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics. To the extent the allegations of Paragraph 38 are inconsistent with such admission,  the Salson Defendants deny such allegations.

39.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 39 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit

only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 39 are inconsistent with such admissions, the Salson Defendants deny such allegations.

40.     The Salson Defendants admit the allegations of Paragraph 40 of the Verified Complaint.

41.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 41 of the Verified Complaint are deemed factual in nature,  the Salson Defendants admit only that on November 9, 2020, Defendant Shores was an employee of Defendant Salson Logistics. To the extent the allegations of Paragraph 41 are inconsistent with such admissions, the Salson Defendants deny such allegations.

42.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 42 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 42 are inconsistent with such admission, the Salson Defendants deny such allegations.

43.     The Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as

an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 43 are inconsistent with such admission, the Salson Defendants deny such allegations.

44.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 44 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 44 are inconsistent with such admissions, the Salson Defendants deny such allegations.

## AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, "SAL-SON TRUCKING CO., INC."

45.     The Salson Defendants admit only that at on November 9, 2020, and at present, Salson Trucking Co., Inc. was/is a business corporation incorporated under the laws of the State of New York with its principal place of business in New Jersey.  To the extent that such admissions are inconsistent with the allegations contained in paragraph 45 of the Verified Complaint, the Salson Defendants deny all such allegations.

46.     The Salson Defendants admit only that on November 9, 2020, and at present, Salson Trucking Co. was/is a business corporation incorporated under the laws of the State of New York with its principal place of business in New Jersey.  To the extent that such admissions are inconsistent with the allegations contained in Paragraph 46 of the Verified Complaint, the Salson Defendants deny all such allegations.

47.     This Paragraph avers conclusions of law rather than allegations of fact, such that no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.

48.     The Salson Defendants deny the allegations contained in paragraph 48 of the Verified Complaint.

49.     The Salson Defendants deny the allegations of Paragraph 49 of the Verified Complaint.

50.     The Salson Defendants deny the allegations of paragraph 50 of the Verified Complaint.

51.     The Salson Defendants deny the allegations of paragraph 51 of the Verified Complaint.

52.     The Salson Defendants deny the allegations of paragraph 52 of the Verified Complaint.

53.     The Salson Defendants deny the allegations of paragraph 53 of the Verified Complaint.

54.     The Salson Defendants deny the allegations of paragraph 54 of the Verified Complaint.

55.     The Salson Defendants deny the allegations of paragraph 55 of the Verified Complaint.

56.     The Salson Defendants deny the allegations of paragraph 56 of the Verified Complaint.

57.     The Salson Defendants deny the allegations of paragraph 57 of the Verified Complaint.

58.     The Salson Defendants deny the allegations of paragraph 58 of the Verified Complaint.

59.     The Salson Defendants deny the allegations of paragraph 59 of the Verified Complaint.

60.     The Salson Defendants deny the allegations of paragraph 60 of the Verified Complaint.

61.     The Salson Defendants deny the allegations of paragraph 61 of the Verified Complaint.

62.     The Salson Defendants deny the allegations of paragraph 62 of the Verified Complaint.

63.     The Salson Defendants deny the allegations of paragraph 63 of the Verified Complaint.

64.     The Salson Defendants deny the allegations of paragraph 64 of the Verified Complaint.

65.     The Salson Defendants deny the allegations of paragraph 65 of the Verified Complaint.

66.     The Salson Defendants deny the allegations of paragraph 66 of the Verified Complaint.

67.     The Salson Defendants deny the allegations of paragraph 67 of the Verified Complaint.

68.     The Salson Defendants deny the allegations of paragraph 68 of the Verified Complaint.

69.     The Salson Defendants deny the allegations of paragraph 69 of the Verified Complaint.

70.     The Salson Defendants deny the allegations of paragraph 70 of the Verified Complaint.

71.     The Salson Defendants deny the allegations of paragraph 71 of the Verified Complaint.

## AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, "FACTUAL BACKGROUND"

72.     The Salson Defendants are informed, and on that basis admit, the allegations of paragraph 72 of the Verified Complaint.

73.     The Salson Defendants are informed, and on that basis admit, that on November 9, 2020 at approximately 9:06 a.m., and at or near the intersection of New York Route 20/East Genesee Street New York and Route 321/State Street, Skaneateles, New York, Plaintiff's decedent was struck by the motor vehicle referred to in the Verified Complaint.  The Salson Defendants deny the remaining allegations of Paragraph 73 of the Verified Complaint.

74.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.  To the extent the allegations of Paragraph 74 of the Verified Complaint are deemed factual in nature, the Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Verified Complaint and leave Plaintiff to her proofs, reserving all defenses.

75.     Paragraph 75 avers conclusions of law rather than allegations of fact, such that no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims.

**AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, "AS AND FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION IN NEGLIGENCE AGAINST DEFENDANT MICHAEL LEE SHORES"**

76.     The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "75" inclusive with the same force and effect as if set forth fully at length herein.

77.     The Salson Defendants deny each and every allegation of Paragraph 77 of the Verified Complaint.

78.     The Salson Defendants deny each and every allegation of Paragraph 78 of the Verified Complaint.

79.     The Salson Defendants deny each and every allegation of Paragraph 79 of the Verified Complaint.

80.     The Salson Defendants deny each and every allegation of Paragraph 80 of the Verified Complaint.

81.     The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 81 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.  The Salson Defendants deny the remaining allegations of Paragraph 81 of the Verified Complaint; without limitation, the Salson Defendants deny that Defendant Shores was negligent, reckless, careless or that they are or he is otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

**AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, AS AND FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION IN STATUTORY AND COMMON LAW VICARIOUS LIABILITY AGAINST DEFENDANT SALSON LOGISTICS, INC.**

82.    The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "81" inclusive with the same force and effect as if set forth fully at length herein.

83.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 83 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 83 are inconsistent with such admissions, the Salson Defendants deny such allegations.

84.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 84 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of Defendant Salson Logistics.  To the extent the allegations of Paragraph 84 are inconsistent with such admissions, the Salson Defendants deny such allegations.

85.    Paragraph 85 avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 85 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny such allegations.

86.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 86 of the Verified Complaint are deemed factual in nature, the Salson  Defendants deny all such allegations; without limitation, the Salson Defendants deny that they, or any person or entity for whose conduct they may be held liable,were negligent, reckless, careless or otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

87.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 87 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations; without limitation, the Salson Defendants deny that they, or any person or entity for whose conduct they may be held liable, were negligent, reckless, careless or otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

88.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 88 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

89.      The Salson Defendants deny the allegations of Paragraph 89 of the Verified Complaint.

90.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision,

reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 90 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations; without limitation, the Salson Defendants deny that they were or that any of them was negligent, grossly negligent, reckless, careless or is otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

91.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 91 of the Verified Complaint are deemed factual in nature, the Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 91 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses. The Salson Defendants deny the remaining allegations of Paragraph 81 of the Verified Complaint; without limitation, the Salson Defendants deny that Defendant Salson Logistics was negligent, reckless, careless or is otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

**AS TO THOSE COUNTS OF THE COMPLAINT CAPTIONED, AS AND FOR
A THIRD SEPARATE AND DISTINCT CAUSE OF ACTION
IN NEGLIGENCE AGAINST DEFENDANT SALSON LOGISTICS, INC.**

92.     The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "91" inclusive with the same force and effect as if set forth fully at length herein.

93.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision,

reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 93 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores was driving the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of defendant Salson Logistics. To the extent the allegations of Paragraph 93 are inconsistent with such admission, the Salson Defendants deny such allegations.

94.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 94 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores drove the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of defendant Salson Logistics.  To the extent the allegations of Paragraph 94 are inconsistent with such admissions, the Salson Defendants deny all such allegations.

95.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 95 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations; without limitation, the Salson Defendants deny that Defendant Salson Logistics, or any person or entity for whose conduct it may be held liable, was negligent, grossly negligent, reckless or is otherwise liable to Plaintiff on account of any injuries or damages Plaintiff or her decedent may have sustained.

96.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 96 of the Verified Complaint are deemed factual in nature, the Salson Defendants admit only that at various times on November 9, 2020, Defendant Shores was driving the tractor/trailer referred to in the Verified Complaint in his capacity as an employee of defendant Salson Logistics. To the extent the allegations of Paragraph 96 are inconsistent with such admissions, the Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Verified Complaint as phrased and leave Plaintiff to her proofs, reserving all defenses..

97.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 97 of the Verified Complaint are deemed to allege that Defendant Salson Logistics was negligent, which negligence caused or contributed to any injuries or damages that Plaintiff or her decedent may have sustained, the Salson Defendants deny all such allegations.

98.    The Salson Defendants deny the allegations of Paragraph 98 of the Verified Complaint.

99.    The Salson Defendants deny  the allegations of Paragraph 99 of the Verified Complaint .

100.    The Salson Defendants deny the allegations of Paragraph 100 of the Verified Complaint.

101.    The Salson Defendants admit only that Defendant Michael Lee Shores was, on the date of the incident at issue, an employee of Defendant Salson Logistics.  The Salson Defendants deny the remaining allegations of paragraph 101 of the Verified Complaint.

102.    The Salson Defendants admit only that Defendant Michael Lee Shores was, on the date of the incident at issue, an employee of Defendant Salson Logistics.  The Salson Defendants deny the remaining allegations of paragraph 102 of the Verified Complaint.

103.    The Salson Defendants deny the allegations of Paragraph 103 of the Verified Complaint.

104.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 104 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

105.    The Salson Defendants deny the allegations of Paragraph 105 of the Verified Complaint.

106.    The Salson Defendants deny the allegations of Paragraph 106 of the Verified Complaint.

107.    The Salson Defendants deny the allegations of Paragraph 107 of the Verified Complaint .

108.    The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 108 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.   The Salson Defendants deny the remaining

allegations of Paragraph 108 of the Verified Complaint; without limitation, the Salson Defendants deny that they or any of them were negligent, grossly negligent, reckless, careless or are otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

109.    The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 109 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.   The Salson Defendants deny the remaining allegations of Paragraph 109 of the Verified Complaint; without limitation, the Salson Defendants deny that they or any of them were negligent, reckless, careless or are otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

### AS TO THOSE COUNTS OF THE VERIFIED COMPLAINT CAPTIONED, "AS AND FOR A FOURTH SEPARATE AND DISTINCT CAUSE OF ACTION IN STATUTORY AND COMMON LAW VICARIOUS LIABILITY AGAINST DEFENDANT SAL-SON TRUCKING CO., INC."

110.    The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "109" inclusive with the same force and effect as if set forth fully at length herein.

111.    The Salson Defendants deny the allegations of Paragraph 111 of the Verified Complaint.

112.    The Salson Defendants deny the allegations of Paragraph 112 of the Verified Complaint.

113.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of

Paragraph 113 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

114.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 114 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

115.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 115 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

116.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 116 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

117.     The Salson Defendants deny the allegations of paragraph 117 of the Verified Complaint.

118.    The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.  The Salson Defendants deny the remaining allegations of

Paragraph 118 of the Verified Complaint; without limitation, the Salson Defendants deny that they or any of them were negligent, grossly negligent, reckless, careless or are otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

119.     The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 119 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.   The Salson Defendants deny the remaining allegations of Paragraph 119 of the Verified Complaint; without limitation, the Salson Defendants deny that they or any of them were negligent, grossly negligent, reckless, careless or are otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

**AS TO THOSE COUNTS OF THE VERIFIED COMPLAINT CAPTIONED, "AS AND FOR A FIFTH SEPARATE AND DISTINCT CAUSE OF ACTION IN NEGLIGENCE AGAINST DEFENDANT SAL-SON TRUCKING CO., INC.**

120.     The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "119" inclusive with the same force and effect as if set forth fully at length herein.

121.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 121 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

122.     To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of

Paragraph 122 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

123.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 123 of the Verified Complaint are deemed factual in nature, and to the extent such allegations state or imply that Defendant Michael Lee Shores was the employee, "agent," "servant" or contractor of Sal-Son Trucking Co., Inc., the Salson Defendants deny all such allegations. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 123 of the Verified Complaint as phrased.

124.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 124 of the Verified Complaint are deemed factual in nature, and to the extent such allegations state or imply that Defendant Michael Lee Shores was the employee, "agent," "servant" or contractor of Sal-Son Trucking Co., Inc., the Salson Defendants deny all such allegations. The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 124 of the Verified Complaint as phrased.

125.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 125 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny such allegations to the extent such allegations state or imply that Defendant Michael Lee Shores

was its employee, "agent," "servant" or contractor.  The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 125 of the Verified Complaint as phrased.

126.    The Salson Defendants deny the allegations of Paragraph 126 of the Verified Complaint.

127.    The Salson Defendants deny the allegations of Paragraph 127 of the Verified Complaint.

128.    The Salson Defendants deny the allegations of Paragraph 128 of the Verified Complaint.

129.    The Salson Defendants deny the allegations of Paragraph 129 of the Verified Complaint.

130.    The Salson Defendants deny the allegations of Paragraph 130 of the Verified Complaint.

131.    The Salson Defendants deny the allegations of Paragraph 131 of the Verified Complaint.

132.    To the extent this Paragraph avers conclusions of law rather than allegations of fact, no answer is required:  the Salson Defendants refer all legal issues to the Court for decision, reserving all legal and equitable defenses to Plaintiff's claims. To the extent the allegations of Paragraph 132 of the Verified Complaint are deemed factual in nature, the Salson Defendants deny all such allegations.

133.    The Salson Defendants deny the allegations of Paragraph 133 of the Verified Complaint.

134.    The Salson Defendants deny the allegations of Paragraph 134 of the Verified Complaint.

135.    The Salson Defendants deny the allegations of Paragraph 135 of the Verified Complaint.

136.    The Salson Defendants deny the allegations of Paragraph 136 of the Verified Complaint.

137.    The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 137 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by Plaintiff and leave Plaintiff to her proofs, reserving all defenses.   The Salson Defendants deny the remaining allegations of Paragraph 137 of the Verified Complaint; without limitation, the Salson Defendants deny that Defendant Salson Trucking Co., Inc., was negligent, reckless, careless or is otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

**AS TO THOSE COUNTS OF THE VERIFIED COMPLAINT CAPTIONED, "AS AND FOR A SIXTH SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR THE WRONGFUL DEATH OF PLAINTIFF'S DECEDENT WILLIAM FRANCIS LYNN"**

138.    The Salson Defendants reiterate and incorporate each and every response contained in the Verified Complaint numbered "1" through "137" inclusive with the same force and effect as if set forth fully at length herein.

139.    The Salson Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 139 of the Verified Complaint regarding any injuries sustained by Plaintiff's decedent or damages sustained by reason thereof and leave Plaintiff to her proofs, reserving all defenses.   The Salson Defendants deny the remaining allegations of Paragraph 139 of the Verified Complaint; without limitation, the Salson Defendants

deny that they were negligent or are otherwise liable for any injuries or damages that Plaintiff or her decedent may have sustained.

140.    This paragraph avers conclusions of law rather than allegations of fact, such no answer is required: the Salson Defendants refer all legal issues to the Court for decision, reserving all defenses to Plaintiff's claims.

WHEREFORE, the Salson Defendants demand judgment in their favor dismissing the Verified Complaint, with prejudice, and awarding them attorneys' fees, costs and expenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred by the Plaintiff for medical care, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral sources as defined in Section 4545(c) of the New York Civil Practice Law and Rules. If any damages are recoverable against the Salson Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a cause of action upon which relief can be granted as to some or all defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That Plaintiff has failed to take those steps necessary to mitigate her damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the alleged actions or inactions of the Salson Defendants or of any person or entity for whose actions or inactions they may be held liable did not proximately cause the alleged damages of the Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom the Salson Defendants neither had nor exercised control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Neither the Salson Defendants nor any person or entity for which they may be held liable breached any duty, if any, that they or any of them owed to the Plaintiff or her decedent.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That the personal injuries and/or damages alleged to have been sustained by the Plaintiff was caused entirely or in part through the negligence of the Plaintiff's decedent, without any negligence or tortious fault on the part of the Salson Defendants or on the part of any person or entity for which they may be held liable, and the Salson Defendants seek a dismissal or reduction in any recovery that may be had by the Plaintiff in the proportion which the culpable conduct, attributable to the Plaintiff's decedent, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Salson Defendants are barred by the doctrine of "sudden emergency."

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The claims against the Salson Defendants are barred by the doctrine of unavoidable accident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Plaintiff's decedent assumed the risk of the injuries and damages that he sustained.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Salson Defendants' investigation and discovery is continuing, and the Salson Defendants reserve the right to amend this Answer to add or amend affirmative defenses as may be indicated by continued investigation and discovery.

### JURY DEMAND

The Salson Defendants demand a jury trial of all issues triable of right by a jury.

**WHEREFORE**, the Salson Defendants demand judgment in their favor dismissing the Verified Complaint, with prejudice, and awarding them attorneys' fees, costs and expenses.

Dated: New York, New York
February 18, 2021

KENNEDYS CMK LLP

*Sean T. Burns*
_____
Sean T. Burns
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004
Sean.Burns@kennedyslaw.com
Attorneys for Defendants